**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.                                        ACTION NO. 2:05CR137

FAITH GONSE,

          Defendant.

O R D E R

          In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

          There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 846 and 841.

          The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the safety of the community.

          The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant was involved for two years with the distribution of methamphetamine, including being at a methampheta-mine lab on May 5, 2005 in Chesapeake, when she was arrested. The

indictment further charges that the grand jury has found probable cause to believe that the defendant has engaged in threatening witnesses in this case.

The defendant was previously released on conditions on September 21, 2005. However, this superseding indictment considerably raises her exposure on the drug charge to life without parole and a minimum sentence of ten years, and charges her with threatening witnesses while on bond. These additional charges while on release give the Court great concern about the defendant's ability to comply with conditions of release.

In addition to the charges in the indictment, the defendant was convicted of assault and battery in 2002. She failed to comply with first offender status on possession of marijuana because she failed to report. She failed on numerous occasions to obey driving regulations by being convicted of driving under revocation or suspension, and she has been found in violation of a good behavior clause and failed to show cause why she should not be found guilty of that type of violation.

The defendant's previous record, plus the information supplied at the detention hearing, plus the grand jury's finding of probable cause, indicate that the defendant is indeed a danger to the community. The Court does not find that she is a risk of flight under these circumstances, however.

There is a serious risk that the defendant will endanger the

safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

```
                              /s/
             _____
                         Tommy E. Miller
                         United States Magistrate Judge
```

Norfolk, Virginia

November 23, 2005